IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IKE WILLIAMSON, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:03-CV-01456-SEB-TAB ) |
| UNITED AIR LINES, INC., | ) ) |
| Defendant. | ) ) |

**ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT,
SCHEDULING HEARING FOR FINAL APPROVAL OF SETTLEMENT, CERTIFYING
SETTLEMENT CLASSES AND APPROVING PROPOSED NOTICE TO CLASS**

WHEREAS, the Parties have made application for an order preliminarily approving the settlement of this Litigation as stated in the Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation upon the terms and conditions set forth therein; and

WHEREAS, the Court has read and considered the Settlement Agreement, the exhibits attached thereto, and the briefing submitted in support of preliminary approval of the Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein as being fair, reasonable and adequate. The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2.  The Court has considered the pleadings and arguments made by the Parties in support of the motion for preliminary settlement approval and finds that the proposed Settlement

Class is proper and should be provisionally certified. Solely for purposes of the proposed Settlement, the following Settlement Class is hereby provisionally certified for purposes of settlement only pursuant to Federal Rule of Civil Procedure 23 as follows:

> All mechanics at United's Indianapolis Maintenance Center who were active employees as of April 3, 2003, and who were laid off from the IMC on or after April 3, 2003, excluding mechanics who: (1) successfully bid or otherwise accepted a transfer to another United facility; (2) were offered recall within six months of his or her last day of work at the IMC; or (3) retired within six months of his or her last day of work at the IMC.

Solely for purposes of settlement, the Court finds: (1) the Settlement Class is so numerous that joinder is impracticable; (2) questions of law and fact are common to the Class; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class; and (4) the Class Representatives will fairly and adequately protect the interests of the Settlement Class. Further, for purposes of settlement only, the Court finds that the proposed Settlement Class meets the predominance and superiority requirements of FRCP 23(b)(3). Certification of the Class for settlement purposes is the best means for protecting the interests of all of the Class Members.

3. Solely for purposes of the proposed Settlement, the Court preliminarily approves Richard E. Aikman, Jr., Michael K. Irwin, and Mickey J. Lee of Stewart & Irwin, P.C. as Class Counsel. The Court also hereby preliminarily approves the Settlement Committee, which is comprised of the following individuals, as Class Representatives: Ronald Johnson; Vincent Covington; Joe Escamilla; Sergio Hernandez; and Mike Cutler.

4. A hearing, for purposes of determining whether the settlement should be finally approved, shall be held before this Court on Tuesday, September 22, 2009, at 2:00 p.m. in Room 216 of the United States Courthouse at 46 E. Ohio Street, Indianapolis, Indiana 46204. At the hearing, the Court will hear arguments concerning whether the proposed

2

Settlement of the Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court. The Court will also consider Class Counsels' request for an award of attorneys' fees and costs and for Enhancement Payments to be made to the Class Representatives.

5. The Court approves, as to form and content, the Notice of Class Action and Claim Form, as set forth in Docket Entry 210 (Exs. C and D), and finds that the distribution of the Class Notice substantially in the manner set forth in Paragraph 6 of this Order meets the requirements of federal law and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all individuals entitled thereto.

6. The Settlement Administrator shall supervise and administer the notice procedure as more fully set forth below:

(a) Within thirty (30) days following the entry of this Preliminary Approval Order, the Settlement Administrator shall distribute, by first class mailing to all Class Members, a copy of the Class Notice and Claim Forms as set forth in Paragraph 65 of the Settlement Agreement.

(b) At least twenty (20) days prior to the Final Approval Hearing, Class Counsel shall file with the Court a declaration by the Settlement Administrator of due diligence and proof of mailing with regard to the mailing of the notice, as set forth in Paragraph 67 of the Settlement Agreement.

7. Pursuant to the terms of the Parties' Settlement Agreement and the formula set forth therein, the Settlement Administrator shall determine the sum of the payments that may be received by eligible members of the Settlement Classes who timely submit proper Claim Forms. The Settlement Administrator shall furnish the Parties' respective counsel with an accounting of all claims and settlement payments due, and at least twenty (20) days before the Final Approval

CH1 11704765.6

Hearing, Class Counsel file with the Court a declaration from the Settlement Administrator detailing this information and setting forth its due diligence with respect to its duties pursuant to the Settlement Agreement and proof of mailing with regard to the mailing of the Class Notice.

8. All Class Members who are entitled to opt-out of the Settlement Class and do not do so shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

9. Within forty five (45) days of the mailing of the Class Notice and Claim form, all Settlement Class members who wish to receive settlement proceeds must complete, mail and postmark the Claim Form to the Settlement Administrator. Any Class Member that does not submit a valid Claim Form will not receive any Settlement Payment.

10. Within forty five (45) days of the mailing of the Class Notice and Claim Form, Class members objecting to the terms of the settlement must do so in writing. The written objection must be sent to the Settlement Administrator and postmarked on or before this date.

11. Any Settlement Class Member who wishes to be excluded (opt out) from the Settlement Class and not participate in the proposed Settlement must submit a written request for exclusion to the Settlement Administrator. Within forty five (45) days of the mailing of the Class Notice and Claim Form, Class members submitting opt-out statements shall postmark, sign and date the statement and sent it to the Settlement Administrator.

12. Any member of the Settlement Class may enter an appearance in the Litigation, at his or her own expense, individually or through counsel of their own choice. Any member of the Settlement Class who does not enter an appearance or opt-out of the Settlement Class will be represented by Class Counsel.

13. Any member of the Settlement Class may appear at the Final Approval Hearing and show cause, if he or she has any, why the proposed Settlement of the Litigation should or

should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, or why attorneys' fees should or should not be awarded to Class Counsel, or why the Class Representatives should or should not receive extra compensation in the form of Service Compensation; provided, however, that no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or, if awarded, compensation for the Class Representatives or the attorneys' fees and costs awarded to Class Counsel, unless that person has, no later than forty five (45) days after mailing of Class Notice to the Settlement Class, served by hand or by first class mail on the Settlement Administrator or counsel for the Class and Defendants written objections, and copies of any papers and briefs in support thereof, explaining the basis of the objection. All timely filed and served objections shall be considered and ruled upon by the Court at the Final Approval Hearing. Any member of the Settlement Class who does not timely file and serve his or her objection in the manner provided above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement and any award of attorneys' fees and costs awarded to Class Counsel, unless otherwise ordered by the Court.

14. Class Counsel shall file their petition for an award of attorneys' fees prior to the Final Approval Hearing.

15. All papers in support of the Settlement shall be filed and served no later than seven (7) days prior to the Final Approval Hearing.

16. At the Final Approval Hearing, the Court shall determine whether the proposed Settlement, and any application for attorneys' fees or reimbursement of costs, shall be approved.

CH1 11704765.6

17. The Court reserves discretion to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

18. The objection interposed by Plaintiff, Afewerki Abebe, at Docket No. 208 is overruled.

Date: 06/09/2009

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana