IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IKE WILLIAMSON, et al., <br>         Plaintiffs, <br><br> v. <br><br> UNITED AIR LINES, INC., <br>         Defendant. | Case No. 1:03-CV-01456-SEB-TAB |

**FINAL APPROVAL ORDER**

The Parties having appeared before the Court on September 22, 2009, for a Fairness Hearing in the above-captioned matter; and the Court having reviewed the Settlement Agreement, which was filed as an attachment to the Joint Motion for Preliminary Approval (Dkt. 210, Ex. B), Plaintiffs' Counsel's Petition For Approval Of Attorneys' Fees And Service Compensation For The Settlement Committee, the Declarations of Jeff Pellissier, and the Parties' presentation at the Fairness Hearing,

IT IS HEREBY ORDERED AND ADJUDGED:

1. This Court has jurisdiction over the subject matter of this action and the Parties thereto pursuant to 28 U.S.C. § 1331, including all members of the Settlement Class, preliminarily certified for settlement purposes only, by Order dated June 9, 2009) (Dkt. 212) ("Preliminary Approval Order"), and defined as: all mechanics at Defendant United Air Lines, Inc.'s ("United") Indianapolis Maintenance Center who were active employees as of April 3, 2003, and who were laid off on or after April 3, 2003, excluding mechanics who: (1) successfully bid or otherwise accepted a transfer to another United facility; (2) were offered recall within six months of his or her last day of work at the IMC; or (3) retired within six months of his or her last day of work at the IMC ("Class Members"). Nine hundred and twelve

(912) individuals comprise the Settlement Class as Class Members.  The number of individuals finally comprising the Settlement Class may be adjusted to include mechanics inadvertently excluded from the list of eligible Class Members because they were rehired (as opposed to being recalled) by United in a classification different from that of a mechanic.  Only two (2) such individuals have been so identified at present.

2.      The Court finds that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  The Court finally certifies the Settlement Class for purposes of settlement of this action only.

3.      The Notice and Claim Forms provided to the members of the Settlement Class ("Class Members") adequately informed the Class Members of the terms of the Settlement Agreement, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement Class and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement.  The Court finds that the Class Notice and Claim Forms provided satisfied the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure.

4.      The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable and adequate to all Class Members.  The Court finds that the relative arguments favoring Plaintiffs' case on the merits weighed against the settlement offer, warrants approval of the Settlement; the Common Fund of $5,722,146 created for the purpose of making settlement payments to Settlement Class Members and the formula to which the Parties agreed for distribution of claimed settlement proceeds; that Defendant's retention of unclaimed sums is a fair, reasonable and adequate settlement of the claims; that the Settlement was reached pursuant to arms-length negotiations between the Parties; that the support for the Settlement

expressed by Plaintiffs' Counsel and Defendant's Counsel, who have significant experience representing parties in complex class actions, weighs in favor of approval of the Settlement; that the lack of negative reaction to the Settlement by the Class Members, including the absence of any proper and/or meritorious objections, supports approval of the Settlement; and that the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and that the stage of the proceedings thus warrants approval of the Settlement.

5. Defendant will mail or otherwise transmit the portion of the amounts validly and timely claimed by eligible Class Members to the Settlement Administrator, Epiq Class Action and Claims Solutions ("Epiq"), within 30 days of the "Effective Date," which shall be no sooner than October 22, 2009. Epiq will mail the appropriate settlement distributions to eligible Class Members who timely submitted valid claim forms within 90 days of the Effective Date. "Effective Date" refers to the first date after all of the events and conditions have been met or occurred and the entry by the Court finally approving this Settlement Agreement as fair and reasonable under Rule 23(e) of the Federal Rules of Civil Procedure, and dismissing the Lawsuit with prejudice, is no long appealable (*e.g.,* the thirty-first day after service of notice of entry of judgment), or if an appeal has been filed, the date on which the appeal is final.

6. Settlement payments to Class Members shall be subject to all required payroll taxes. Defendant shall pay the employer's portion of FICA taxes.

7. Service Compensation in the amount of $18,000 per each Settlement Committee member, as defined in the Settlement Agreement, totaling $90,000, shall be awarded to the following individuals: Ronald Johnson; Vincent Covington; Joe Escamilla; Sergio Hernandez; and Mike Cutler.

8. Defendant will mail or otherwise transmit the Service Compensation for Settlement Committee members, as defined in the Settlement Agreement, to Plaintiffs' Counsel within 30 days of the "Effective Date," provided that the Settlement Committee members have provided to United their respective executed releases, as set forth in Paragraph 76 and Exhibit 4 of the Settlement Agreement.

9. Plaintiffs' Counsel having agreed in the Settlement Agreement that any recovery for attorneys' fees shall not exceed $1,500,000, and Defendant having agreed not to object to any fee petition that does not exceed $1,500,000, Plaintiffs' Counsel is awarded $1,500,000.00 in attorneys' fees to be paid by Defendant. Defendant will mail or otherwise transmit the Court-awarded attorneys' fees to Plaintiffs' Counsel within 30 days of the "Effective Date."

10. This Court hereby dismisses all claims released in the Settlement Agreement on the merits and with prejudice and without costs to any of the Parties, except as provided in the Settlement Agreement.

11. The Court further orders that any Class Member who did not timely submit a Request for Exclusion from this case as provided for in the Settlement Agreement and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest and assigns are hereby barred and permanently enjoined from prosecuting, commencing or continuing any claims, debts, liabilities, demands, obligations, back pay, front pay, penalties, interest, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably could have arisen out of the same facts alleged, related to or involved in the above-captioned Litigation, including but not limited to any claims for violations of the Worker Adjustment and Retraining Notification Act

("WARN") (29 U.S.C. § 2102, *et seq.*), or the Railway Labor Act (45 U.S.C. § 151, *et seq.*), breach of any collective bargaining agreement, claims arising out of Section 301 of the Labor Management Relations Act (29 U.S.C. § 185), and claims relating to breach of a labor organization's duty of fair representation, fraud or any claims related thereto against Defendant United Air Lines, Inc. and its past, present, and future direct and indirect parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, and assigns, and each of its and their past, present and future officers, directors, members, trustees, agents, employees, attorneys, contractors, representatives, divisions, units, branches and any other persons or entities acting on their behalf.

12. This Court orders that all Claim Forms received by Epiq and postmarked after August 24, 2009, shall be deemed untimely and that those persons submitting such forms shall not be entitled to participate in the monetary portion of the Settlement.  A nominal number of Claim Forms received by Epiq after August 24, 2009 appropriately were treated as timely with the Parties' consent because the forms originally were sent to an incorrect address.

13. This Court orders that the Claim Forms determined deficient by Epiq, which deficiencies have not been found by Epiq to have been cured within 15 days of the mailing of a request to cure such deficiency, shall be considered invalid, and the individuals who submitted and did not cure such deficient claim forms are not entitled to participate in the monetary portion of the Settlement.

14. This Court orders that, pursuant to the Settlement Agreement, Epiq's resolution of the disputes raised by the following Class Members regarding the calculation of their earnings for the claim period is valid, final and binding:  Ronald Johnson; Otakar Blaha; Steven Nevill; Dennis McKeown; Patrick Mitchell; and Anthony Londino.

15. The Court finds that the three individuals who requested to be excluded from the Settlement Class – specifically, Afewerki Abebe, Michael Olson (who appears to identify himself as "Michael Morris . . . family Olson") and Joseph Wendorff – shall be so excluded and are not bound by the terms of the Settlement Agreement and are not entitled to participate in the monetary portion of the Settlement.

16. To the extent that any filing may be considered to constitute an objection to the Parties' Settlement, any such objection is denied as unmeritorious.

17. This Court grants final approval of the Parties' Settlement of the above-captioned lawsuit. All claims in this action are dismissed with prejudice, except as to the individual WARN claim of Plaintiff Afewerki Abebe, which remains pending.

Date: 09/22/2009

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana